24CA0271 Reynolds v CDOC 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0271
Fremont County District Court No. 24CV1
Honorable Patrick W. Murphy, Judge

Keith Reynolds,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Keith Reynolds, Pro Se

No Appearance for Executive Director of the Colorado Department of
Corrections

¶ 1    Plaintiff, Keith Reynolds, appeals the district court's ruling denying his petition for mandamus relief under C.R.C.P. 106(a)(2). We affirm.

## I.    Background and Procedural History

¶ 2    On July 16, 2018, Reynolds was paroled for several sentences he began serving in 2017 (2017 sentences).  On December 8, 2021, Reynolds' 2017 sentences were discharged.

¶ 3    Between December 2020 and December 2022, Reynolds committed multiple new offenses in four counties.  His judgments of conviction related to those offenses entered between February 6, 2023, and August 11, 2023 (2023 sentences).  A seven year sentence that was entered in Douglas County Case No. 22CR370 is designated as the maximum and minimum governing sentence with a sentence effective date (SED) of February 6, 2023.  The mittimus for that offense — which Reynolds committed while he was on parole for the 2017 sentences — indicates that the sentence should run "concurrent to any remaining sentences or parole" on the 2017 sentences.

¶ 4    After a dispute with the Colorado Department of Corrections (CDOC) regarding the calculation of his parole eligibility date (PED)

for his 2023 sentences, Reynolds filed a petition for relief under C.R.C.P. 106(a)(2). Reynolds asked the district court to order the CDOC to recalculate his PED based on a SED linked to his 2017 sentences. The district court denied the petition, and Reynolds appeals.

## II.    Legal Principles and Standards of Review

### A.    C.R.C.P. 106(a)(2)

¶ 5    Relief under C.R.C.P. 106(a)(2) is an extraordinary remedy to compel the performance of a nondiscretionary ministerial duty. *Jefferson Cnty. Educ. Ass'n v. Jefferson Cnty. Sch. Dist. R-1*, 2016 COA 10, ¶ 10. "The burden on the plaintiff is heavy. The plaintiff must show that (1) he has a clear right to the relief he seeks; (2) the defendant has a clear duty to perform the act requested; and (3) no other remedy is available." *Owens v. Williams*, 2020 COA 177, ¶ 15, *overruled on other grounds by Owens v. Carlson*, 2022 CO 33; *see also* C.R.C.P. 106(a)(2).

### B.    Continuous Sentence

¶ 6    Section 17-22.5-101, C.R.S. 2024, provides that "when any inmate has been committed under several convictions with separate sentences, the department shall construe all sentences as one

continuous sentence." "This 'one continuous sentence' rule requires the [CDOC], among other things, to combine the inmate's sentences into one composite continuous sentence, and then determine" the SED — the date when that continuous sentence begins to run. *Diehl v. Weiser*, 2019 CO 70, ¶ 15 (quoting § 17-22.5-101). When an offender is reincarcerated for a parole violation and, while reincarcerated, is convicted of and sentenced for additional offenses for conduct that occurred while he was paroled, the continuous sentence begins to run at the beginning of the mandatory parole period. *Id.* at ¶ 26.

### III.   Analysis

¶ 7     Relying on *Diehl*, Reynolds contends that the CDOC should use a SED of either June 19, 2017 (the SED for his underlying 2017 sentences) or July 16, 2018 (the date he was paroled on his 2017 sentences) because he committed the offense underlying his governing sentence while he was on parole for the 2017 sentences. We aren't persuaded.

¶ 8     The one continuous sentence rule applies only when the defendant "has been committed under several convictions with separate sentences." *Id.* at ¶ 15 (quoting § 17-22.5-101). While

*Diehl* used the start of mandatory parole to calculate the beginning of the defendant's one continuous sentence for offenses committed while paroled, the convictions for those offenses occurred while the defendant was still serving his prior sentence. *Id.* at ¶ 3. Therefore, the defendant was simultaneously "committed under" both his earlier and later convictions.

¶ 9 In contrast, Reynolds' 2017 sentences were discharged in December 2021. The earliest conviction for his later offenses was February 6, 2023. Thus, Reynolds was not "committed under" any of the 2017 convictions at the time he became "committed under" any of the 2023 convictions. And, therefore, the CDOC was not required to include any part of the 2017 sentences when calculating the SED or PED for his 2023 sentences.

¶ 10 For these reasons, we conclude that the district court did not err by denying Reynolds' petition.

## IV. Disposition

¶ 11 The judgment is affirmed.

JUDGE FREYRE and JUDGE GROVE concur.